# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

JOHN ALLISON BUTTERBRODT,

        Plaintiff,

v.                                                                Case No. 25-CV-1040-JPS

DAVID HERNANDEZ,

        Defendant.                                **ORDER**

## 1.      INTRODUCTION

Plaintiff John Allison Butterbrodt ("Plaintiff"), proceeding pro se, sues Defendant David Hernandez ("Defendant"),[1] ostensibly for violating his constitutional rights. ECF No. 1. Plaintiff also seeks leave to proceed without prepayment of the filing fee, also known as in forma pauperis. ECF No. 2.[2] This Order screens Plaintiff's complaint and, finding that it presents significant pleading deficiencies, grants Plaintiff leave to file an amended complaint to correct those deficiencies. Accordingly, the Court defers ruling on Plaintiff's motion for leave to proceed without prepaying of the filing fee. If Plaintiff does not file an amended complaint by the below-stated deadline, or files one which remains deficient, the Court will dismiss this

---

[1] Plaintiff spells Defendant's surname several different ways throughout the complaint. *See generally* ECF No. 1. The Court presumes that he means to sue an individual named David Hernandez.

[2] Plaintiff filed a trust account statement. ECF No. 3. However, because he is not a prisoner in state custody, *see infra* Section 3.2, he is not subject to the Prison Litigation Reform Act's requirement to file such a statement or to pay an initial partial filing fee. *See* 28 U.S.C. § 1915(a)(2) and (b). If the Court later reaches the substance of his motion for leave to proceed in forma pauperis, ECF No. 2, it will rely only on the information in that motion.

case with prejudice and deny as moot Plaintiff's motion for leave to proceed without prepayment of the filing fee.

## 2.    SCREENING STANDARD

A party proceeding pro se may submit to the court a request to proceed without prepaying the otherwise required filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing frivolous, malicious, or repetitive lawsuits."[3] *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that

---

[3]Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.,* 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds*, Fed. R. App. P. 24, *as explained in Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring).

it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

It follows that a litigant whose complaint does not meet the criteria in 28 U.S.C. § 1915(e)(2) or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc*. 461, F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

For the reasons stated in the next section, it is not yet clear whether Plaintiff's complaint meets the 28 U.S.C. § 1915(e)(2) criteria. Accordingly, the Court will not consider whether Plaintiff's financial circumstances entitle him to proceed in forma pauperis until it has a reasonable opportunity to assess whether Plaintiff can amend his complaint such that it meets the § 1915(e)(2) criteria.

3.     SCREENING THE COMPLAINT

    3.1     Legal Standard

As noted above, when a pro se litigant seeks to proceed in forma pauperis, the Court must screen the litigant's complaint prior to service on defendants. The Court "shall dismiss the case" if it finds any of the following: the action is frivolous or malicious, the complaint fails to state a claim upon which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C.

§ 1915(e)(2); or the case is outside of the Court's subject matter jurisdiction, Fed. R. Civ. P. 12(h).

A claim is legally frivolous when it "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 325); *see also Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997) (quoting *Neitzke*, 490 U.S. at 325). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft*, 556 U.S. at 678)

(internal bracketing omitted). A court is obligated to give pro se litigants' allegations a liberal construction. *Kelsay v. Milwaukee Area Tech. Coll.*, 825 F. Supp. 215, 217 (E.D. Wis. 1993) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 3.2 Plaintiff's Factual Allegations

Plaintiff is on active community supervision related to a Wisconsin criminal conviction. *See General Public - Offender Search*, STATE OF WIS. DEP'T OF CORR., *available at* https://appsdoc.wi.gov/lop/welcome (last visited Aug. 6, 2025).[4] Plaintiff resides at Clairidge House, an assisted living facility. ECF No. 1 at 4; CLAIRIDGE HOUSE, https://www.clairidgehouse.com/ [https://perma.cc/32AU-ER6J] (last visited July 28, 2025). Defendant seems to be another resident, or perhaps an employee, at Clairidge House. *See* ECF No. 1 at 1–2 (providing same address for Plaintiff and Defendant).

Plaintiff alleges that Defendant made demeaning comments and physical gestures towards him, specifically related to Plaintiff's status as a disabled and formerly incarcerated person. *Id.* at 2–3. He further says that Defendant threatened to call the police on him. *Id.* at 2. Plaintiff seems to be concerned that he will face reprisal from Clairidge House for filing this complaint. *See id.* at 4.

Plaintiff asserts that he is suing Defendant for a violation of federal law. *Id.* For relief, he seeks monetary damages. *Id.* He also wants Defendant removed from Clairidge House. *Id.* at 4, 5.

---

[4]The Court may take judicial notice of public records, including state court records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

**4.      ANALYSIS**

Federal courts have jurisdiction over cases (1) that arise under the United States Constitution or federal law or (2) in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1331 and 1332(a); U.S. CONST., Art. III, § 2.

Plaintiff cannot litigate under the second theory, because his complaint shows that he and Defendant are citizens of the same state. ECF No. 1 at 1–2; 28 U.S.C. § 1332(a). Both because only the first theory is available to Plaintiff and because Plaintiff specifically asserted that he is proceeding under federal law in his complaint, ECF No. 1 at 4, the Court will assume that Plaintiff intends to litigate this case pursuant to 42 U.S.C. § 1983. This federal statute allows a plaintiff to sue a person acting under color of state law for violating his constitutional rights or for violating other federal law. *See* 42 U.S.C. § 1983; *Bradley v. Village of University Park*, 929 F.3d 875, 884 (7th Cir. 2019) ("§ 1983 was designed to provide a remedy 'against those . . . representing a State in some capacity . . . .'" (quoting *Monroe v. Pape*, 365 U.S. 167, 176 (1961))).

Plaintiff's complaint as written cannot proceed. He has not alleged a claim that can proceed under § 1983 because he has not demonstrated how Defendant was acting under color of state law or how Defendant violated his constitutional rights or other rights under federal law. While "act[ing] under color of state law for § 1983 purposes does not require that the defendant be an officer of the State[,]" a plaintiff must still demonstrate that the named defendant "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). "The plaintiff must identify a sufficient nexus between the [S]tate and the private actor to support a finding that the deprivation committed by the private actor is

'fairly attributable to the [S]tate.'" *L.P. v. Marian Cath. High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

Here, Defendant appears to be a private individual who has acted in a way that was bothersome or hurtful to Plaintiff. But Plaintiff has not alleged any facts that would allow the Court to conclude that Defendant was acting "in joint action" with the State or in a manner "fairly attributable to the [S]tate." *L.P.*, 852 F.3d at 696 (citation omitted). He has also not alleged how Defendant's actions violated his rights under the United States Constitution or federal law. For this reason, his complaint as written fails to state a claim and is subject to dismissal.

Courts generally must permit civil plaintiffs at least one opportunity to amend their pleadings unless amendment would be futile. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015) (citing *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). However, given the Court's responsibility to afford "pro se litigants' allegations a liberal construction," *Kelsay*, 825 F. Supp. at 217, the Court cannot necessarily conclude that amendment would be futile, and will grant Plaintiff leave to amend his complaint to attempt to fix this issue.

### 5. CONCLUSION

For the reasons stated above, the Court will grant Plaintiff leave to file an amended complaint that corrects the deficiencies explained in this Order. Plaintiff's amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the Court and Defendant with notice of what Defendant allegedly did or did not do to violate his rights.

Any amended complaint must be filed on or before **September 5, 2025**. The Court is enclosing a copy of its amended complaint form and instructions. Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998) (citing *Wellness Cmty.-Nat'l v. Wellness House*, 70 F.3d 46, 49 (7th Cir. 1995) and *Barnett v. Daley*, 32 F.3d 1196, 1198 (7th Cir. 1994)). In such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* (quoting *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961)). In other words, any amended complaint must include **all** of the allegations and claims (including those from the original complaint) that Plaintiff wishes to make in a single filing without reference to the prior complaint.

If an amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. § 1915 and address Plaintiff's motion for leave to proceed in forma pauperis. **If Plaintiff does not file an amended complaint by the specified deadline, or files a complaint which remains deficient, the Court will dismiss this case with prejudice for failure to state a claim.**

Accordingly,

**IT IS ORDERED** that on or before **September 5, 2025**, Plaintiff John Allison Butterbrodt **shall FILE** an amended complaint using the provided form and in accordance with the instructions provided herein; failure to do so will result in dismissal of this action with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank non-prisoner amended complaint form along with this Order.

Dated at Milwaukee, Wisconsin, this 6th day of August, 2025.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

---

Plaintiff will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.

---